IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**RICHARD ALLEN HEPNER,**

                **Plaintiff,**

      **v.**                                      **CASE NO. 06-3271-SAC**

**ROBERT BOOTH, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983. Plaintiff, a prisoner confined in the Montgomery County Jail in Independence, Kansas, seeks damages on allegations that he is being denied prescribed medication and blood testing.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The exhaustion required by § 1997e(a) is mandatory and not within the court's discretion, and is required for any suit filed by prisoner to challenge prison conditions. Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006)(*citing* Booth and Porter v. Nussle, 534 U.S. 516

(2002)). Full exhaustion of all claims asserted in the complaint is required. Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed). A prisoner bears the burden of demonstrating full exhaustion of administrative remedies. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

In the present case, plaintiff does not answer the question in the form complaint as to what administrative remedies he pursued concerning the alleged denial of medical treatment. Plaintiff cites medical requests and letters he submitted to jail officials, but fails to indicate the date and nature of these requests, or the content of any responses thereto. Nor does plaintiff indicate what, if any, administrative grievance procedure is available at the county facility. This is insufficient to satisfy § 1997e(a). *See* Booth, 532 U.S. at 741 n. 6 (courts are not to read futility or other exceptions into the § 1997e(a) exhaustion requirement).

Accordingly, the court finds the complaint is subject to being summarily dismissed without prejudice absent plaintiff's supplementation of the complaint to demonstrate his reasonable compliance with 42 U.S.C. § 1997e(a). The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20)

days from the date of this order to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 11th day of October 2006 at Topeka, Kansas.


                            s/ Sam A. Crow  
                            SAM A. CROW  
                            U.S. Senior District Judge